```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

HAITI BELIZAIRE,                  :
                                  :
     Plaintiff,                   :
                                  :           PRISONER
v.                                :   Case No. 3:04-CV-321(RNC)
                                  :
KATHLEEN WEINER,                  :
RICHARD FUREY,                    :
                                  :
     Defendants.                  :
```

                              RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against employees of the Department of Correction seeking damages for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Both defendants have moved for summary judgment.  The evidence in the record is clearly insufficient to support a finding of deliberate indifference.  Accordingly, the defendants' motion for summary judgment is granted.

I.   Facts[1]

During the time period relevant to this action, defendant

---

[1] The facts are taken from defendants' Local Rule 56(a)1 Statement [Doc. #16-1] and attached exhibits.  On July 14, 2005, the plaintiff was notified of his obligation to respond to the defendants' motion, and informed of what he needed to do to file a proper response, but he has not responded.  As a result, defendants' assertions of fact are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.")

Weiner, a correctional nurse supervisor, was the Medical Grievance Coordinator at MacDougall Correctional Institution (MacDougall).  Defendant Furey, who is not a nurse or physician, was the Medical Administrator at MacDougall.

Plaintiff arrived at MacDougall on April 30, 2003.  In late August 2003, he complained of pain in his breasts and a slight watery discharge from his nipples.  On August 31, 2003, plaintiff was seen by medical staff.  On September 9, 2003, he underwent several blood tests.  He was seen by the institutional physician on September 10 and 24, 2003.  The physician diagnosed chronic gynecomastia, an enlargement of the male mammary gland.  Plaintiff's prescription for Zantac was discontinued as a possible contributing factor and he was prescribed antibiotics and Motrin.  The physician determined that surgical excision was not medically necessary.

In October 2003, plaintiff continued to complain of pain in his nipples.  Medical staff saw him on October 14 and reordered Motrin.  In November and December 2003, plaintiff was seen several times by medical staff and an institutional physician and was referred to the nurse practitioner for care.  In December 2003, additional lab tests ordered on fluid drained from plaintiff's right breast showed no cells, organisms, or anaerobes in the drained fluid.

Plaintiff refused to attend a medical appointment in January 2004.  In June 2004, he refused to undergo several lab tests ordered by medical staff.  When he later complained of continued breast pain, medical staff reordered the lab tests.  On July 23, 2004, he failed to attend sick call.  In August 2004, he reported that his breasts no longer bothered him.

On October 8, 2003, plaintiff submitted an Inmate Request Form complaining about his pain and the physician's diagnosis.  On November 3, Weiner responded, noting that plaintiff had been seen by the medical department on October 14, and advising him to sign up for sick call or submit another inmate request if his problems continued.  On October 14, 2003, plaintiff submitted a Level 1 Grievance complaining about his continued pain.  In response, Weiner noted that the plaintiff had been seen on four occasions in September and October and that he had been prescribed medication.  She advised him to submit Inmate Request Forms to obtain further assistance.  On November 21, 2003, plaintiff submitted a second Level 1 Grievance complaining about pain and lack of access to Motrin.  One week later, Weiner informed him that his medication had been ordered and explained how to obtain it.

On November 21, 2003, plaintiff also submitted an Inmate Request Form complaining that the medical department had

3

described his condition as a natural condition that he would have to live with.  On December 10, Furey responded by informing the plaintiff that the Utilization Review Committee had denied his request for treatment of his breast mass and that an appeal of the denial was pending.  On January 5, 2004, plaintiff submitted a Level 2 Grievance appealing the disposition of his previous grievances.  The next day, Furey informed him that his appeal had been resubmitted to the Utilization Review Committee.

II.  Discussion

On a motion for summary judgment, the moving party must show that there are no genuine issues of material fact for trial. Fed. R. Civ. P. 56(c).  Once the moving party has demonstrated the absence of a genuine issue of material fact, the nonmoving party must point to evidence in the record that would permit a jury to return a verdict in favor of the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  In evaluating the evidence, the court "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004).  When the nonmoving party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments they suggest.  See Burgos v. Hopkins, 14 F.3d

4

787, 790 (2d Cir. 1994).  Nonetheless, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

Plaintiff alleges that he was not provided adequate medical treatment because the defendants refused to help him despite his complaints of pain.  Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To prevail on such a claim, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to a serious medical need.  Id. at 106.  Negligence on the part of prison officials does not support a deliberate indifference claim.  See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law . . . .").  Nor does an inmate's disagreement with an official's choice of treatment.  See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986); see also Estelle, 429 U.S. at 105-06.

For purposes of this ruling, I assume the plaintiff can prove that his medical condition was sufficiently serious to implicate Eighth Amendment concerns.  His claim fails because, on

5

the record before the court, he cannot prove that either defendant knew of and disregarded an excessive risk to his health.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994)(prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The record establishes that Weiner interacted with the plaintiff on three occasions -- in response to his October 8 inmate request, his October 14 grievance, and his November 21 grievance.  On each occasion, Weiner responded promptly to the plaintiff's requests, noted that he had been seen by medical staff in response to his complaints of pain, and told him how to submit future requests in the event the pain continued.  In response to plaintiff's grievance complaining that he was not receiving his medication, Weiner told him that his medication had been ordered and explained what he had to do to obtain it.  This evidence is inconsistent with plaintiff's unsupported allegation of deliberate indifference with regard to Weiner.

The record establishes that the plaintiff had contact with Furey on two occasions.  In response to one of plaintiff's inmate requests, Furey informed him that the Utilization Review

6

Committee had denied his request for surgical excision of the breast mass, but that his appeal was pending.  In response to plaintiff's Level 2 Grievance, Furey informed him that the appeal had been resubmitted to the Utilization Review Committee.  There is no evidence that Furey ignored any requests for assistance.  In fact, the record shows that Furey told the plaintiff how to file an appeal, which indicates that Furey was trying to assist the plaintiff, rather than interfere with his ability to obtain medical treatment. (Furey Aff. ¶ 7.)

III. Conclusion

    Accordingly, the defendants' motion for summary judgment [Doc. #16] is hereby granted.  The Clerk will enter a judgment in favor of the defendants dismissing the complaint with prejudice.

    So ordered.

    Dated at Hartford, Connecticut this 28th day of March, 2006.

\s\
Robert N. Chatigny
United States District Judge